UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAWN M. LEVINSON,           )<br>                              )<br>       Plaintiff,            )<br>                              )<br>   v.                         )<br>                              )<br>THE CINCINNATI INSURANCE     )<br>COMPANY,                      )<br>                              )<br>       Defendant.            )  | No. 4:13-CV-1595 CAS |

**MEMORANDUM AND ORDER OF REMAND**

This matter is before the Court on plaintiff Dawn M. Levinson's Motion to Remand. Defendant The Cincinnati Insurance Company has not filed a response to the motion and the time to do so has passed. For the following reasons, the motion will be granted.

**Background**

Plaintiff filed her Petition in the Circuit Court of St. Louis County, State of Missouri, alleging state law breach of contract and vexatious refusal to pay claims against the defendant. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, asserting jurisdiction on the basis of diversity of citizenship.

Plaintiff moves for remand, arguing that the Court lacks jurisdiction because the amount in controversy does not exceed $75,000. In support of her motion, plaintiff submits a stipulation that her claim for breach of contract involves the theft of jewelry with a fair market value of approximately $30,000, and that under no circumstances will she seek judgment in excess of $75,000.

**Discussion**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). The propriety of removal to federal courts depends on whether the claim is within the scope of the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(b). In the event the federal court determines that it does not have subject matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c). Removal statutes are strictly construed, In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993), and all doubts about the propriety of removal must be resolved in favor of remand. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. In re Business Men's Assurance Co., 992 F.2d at 183. The Court must look to the plaintiff's pleadings at the time of removal in determining whether removal was proper. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The Court notes that under Eighth Circuit precedent, Missouri state court petitions such as plaintiff's, which seek an unspecified amount of damages, do not establish damages in excess of the jurisdictional amount and do not start the thirty-day time limit for removal. See Knudson v. Systems Painters, Inc., 634 F.3d 968, 974 (8th Cir. 2011) (citing In re Willis, 228 F.3d 896, 897 (8th Cir. 2000) (per curiam)).

Defendant removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under that statute, complete diversity of citizenship must exist between the plaintiff and the defendants, and the amount in controversy must exceed $75,000 exclusive of interest and costs. In the Petition, plaintiff alleges she purchased a homeowners insurance policy from defendant, suffered a loss of personal property on September 25, 2006, and demanded benefits from defendant under the policy but defendant has failed to pay. In the prayer for relief, plaintiff seeks unspecified damages for the sum of the personal property loss together with interest, in a "amount that is fair and reasonable." Petition at 2. In the vexatious refusal count, plaintiff seeks damages of twenty percent (20%) of the first $1,500.00 due and owing to her, and ten percent (10%) of the remaining amount due, along with a reasonable attorney's fee. Id. at 3.

The Supreme Court held in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), that a plaintiff may prevent removal by committing to accept less than the federal jurisdictional amount. After a case has been removed to federal court, however, it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount. Id. at 292-93. The rule from St. Paul Mercury has "consistently been applied to cases in which the petition at the time of the removal expressly stated a claim in excess of the jurisdictional amount, and therefore, removal jurisdiction had already attached." Halsne v. Liberty Mut. Group, 40 F. Supp. 2d 1087, 1090 (N.D. Iowa 1999).

Plaintiff's petition in this case does not expressly state a claim in excess of the jurisdictional amount. Further, plaintiff now stipulates that her damages do not exceed and she will not seek an amount greater than $75,000.[1] Where damages are not specified in a state court complaint, this

---

[1]The Court believes this type of stipulation is binding upon plaintiff, and may be enforced through appropriate sanctions. See Fliter v. Werner Enters., 2005 WL 5834638, at *1 (E.D. Mo.

3

Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending an original pleading.  See, e.g., Ingram v. Procter & Gamble Paper Prods. Co., 2011 WL 1564060, at *2 (E.D. Mo. Apr. 25, 2011); Berry v. Renaissance Hotel Mgmt., LLC, 2011 WL 1379860, at *2 (E.D. Mo. Apr. 12, 2011); Salinas v. USAA Casualty Ins. Co., No. 4:10-CV-1103 DJS (E.D. Mo. July 27, 2010); McGuire v. J.B. Hunt Transport, Inc., No. 4:10-CV-746 MLM (E.D. Mo. June 10, 2010); Dyrda v. Wal-Mart Stores, Inc., 41 F.Supp.2d 943, 949 (D. Minn. 1999); Halsne, 40 F.Supp.2d at 1092.

As stated above, in the instant case plaintiff's petition asserts breach of contract and statutory vexatious refusal claims against the defendant.  The petition prays for the sum of the personal property loss together with interest, in a "amount that is fair and reasonable," and for a statutory penalty in the percentages allowed by Missouri law.  The stipulation explains that the amount of loss is approximately $30,000.  Under these circumstances, the Court finds that plaintiff's stipulation does not seek to amend her petition, but rather clarify its demands.  As such, plaintiff's post-removal stipulation as to the amount in controversy can be considered to decide whether jurisdiction has attached.

As the party invoking jurisdiction, defendant has the burden of establishing that all prerequisites to jurisdiction have been satisfied.  Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).  Defendant did not oppose plaintiff's motion and therefore did not attempt to meet its burden.  The Court finds that the amount in controversy does not exceed $75,000 and, as a result, jurisdiction was lacking at the time of removal.

---

Dec. 14, 2005).

4

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand is **GRANTED**.  [Doc. 9]

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri, from which it was removed.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of September, 2013.